Samuels, J.
This cause stands upon exceptions to reports of the account between John Armstrong and the female complainants, late his wards, and of the account between Andrew Beard and Joseph Beard, administrators with the will annexed of John Armstrong, deceased, and the estate of the decedent.
The guardianship accounts are stated in alternative forms, exhibiting different results, from a difference in the charges entering into those accounts: One is marked “ first statementthe other “ second statement.”
The first exception by defendants to the report marked “first statement,” is because credit on the guardianship account is withheld from Armstrong’s estate for the support and education of the wards during Aim strong’s guardianship. This exception is met by complainants, by alleging that Armstrong promised to support and educate his wards without charge. There is proof in the record tending to show that Armstrong did so promise; yet as he was under no previous obligation to support and educate them at his own expense, a promise to do so was made without *376 consideration, and would not be binding on bim. The office he held made it his duty to take care of the persons and property of his wards, and to provide for their support and education out of the profits of their estate. A mere promise to persons having no authority to contract on the subject, and for no consideration, does not affect the rights of the guardian to have compensation. Hooper v. Royster, 1 Munf. 119. I am of opinion the exception should have been sustained.
The third exception is because 1279 dollars 9 cents,, paid to complainant J. J. Walkup by Armstrong’s administrators, is not credited to the estate against the wards as of the 9th of October 1847, when it was paid.' This exception places in a clear light the error committed in stating the amount jointly throughout, between all the female complainants on one side, and Armstrong’s estate on the other. A correct mode would have been to state the account of each ward separately, either from the beginning or from the time when the claims of the wards ceased to be the same in amount. This payment to Walkup should be credited as of the day it was made, and applied to only such of the claims as he had authority to receive. It does not appear that he had authority to receive the money due complainant Sarah Jane Elliott: by crediting this payment on the aggregate of all the debts, her claim is improperly reduced in amount.
Defendant’s first exception to the amount of the administration on Armstrong’s estate, presents a question of no importance to them. Although the assets, in the hands of the administrators should have been applied to pay debts in the order of their dignity, yet as the debts of the first dignity exceed the amount of the personal estate, and also bind the lands in the hands of the heirs, the creditors whose debts of inferior dignity have been paid, could, if not paid, have subjected the real assets by a bill to marshal assets, or *377 otherwise; and as the land descended to defendants is bound for all the debts so far as they appear in the record, it is immaterial to defendants in what they are paid.
Defendants’ 2d, 3d, 4th and 5th exceptions are taken with so little precision, that it is difficult if not impossible to understand what is objected to.; moreover, it does not appear upon what proof the entries excepted to were made. These exceptions were properly overruled.
Complainants’' exceptions to the report marked “ second statement,” have been overruled by the decision already made on defendants’ first exception to the guardianship account.
The court erred in giving a joint decree in favor of all the complainants for the aggregate of all their debts against defendants, notwithstanding it is stated to have been done by consent of complainants. Elizabeth Margaret Elliott was an infant and therefore incapable of giving consent; nor could her next friend give such consent for her. Under this joint decree, complainants J. J. Walkup or Sarah Jane Elliott might receive the whole amount thereof, and thus the infant be left with no further security for her debt than that afforded by the individual responsibility of the party so securing it.
I am of opinion to reverse the decree for the errors indicated, and to affirm it in all other things.
The other judges concurred»
The decree was as follows t
The court is of opinion that the Circuit court erred in not allowing the estate of John Armstrong deceased, a reasonable credit for his expenditures in the support and education of his wards, so as not to exceed the profits of their estate in his hands as guar *378 dian. And in this, that after the claims of the female complainants ceased to be identical as to amounts, the accounts were still stated as joint only; and in this, that the sum of 1279 dollars 9 cents, paid to complainant Josiah J. Walkup, October 9th, 1847, was credited against the aggregate of all the claims due complainants, instead of crediting it against that of Walkup and wife, and that of his ward, which alone he had any authority to receive ; and in this, that a joint decree was rendered in favor of all the complainants for the aggregate of all their demands, instead of rendering a separate decree in favor of Elizabeth Margaret Elliott, the infant, for her separate portion of the money due. And the court is further of opinion that there is no other error in the decree appealed from. Therefore it is adjudged, ordered and decreed, that so much of the decree as is herein declared to be erroneous be reversed and annulled, and that the appellants recover of the appellees the costs of appellants expended in the prosecution of their appeal here; and that in all other things the said decree be affirmed; and that the cause be remanded to the Circuit court for further proceedings to be had according to the principles of this decree.